(February 15, 1919.)

## VANE HENNESS, Respondent, v. PEND D'OREILLE MINING & REDUCTION CO., LTD., Appellant.

[178 Pac. 836.]

PLEADING—COMPLAINT, SUFFICIENCY OF—MASTER AND SERVANT—NEGLI-GENCE—SAFE PLACE TO WORK—DUTY TO FURNISH—OBVIOUS DE-FECTS.

1. Where a cause of action is predicated upon the negligence of an employer in failing to inspect and to use ordinary care to make an employee's place of work reasonably safe, the complaint is not required to allege that the employer knew that the employee was ignorant either of the defects which caused the injury complained of, or of the employer's failure to inspect the place of work.

2. The duty which rests upon an employer is to use ordinary care to make the place of work reasonably safe, while the duty which rests upon the employee is to take notice of and avoid obvious defects, in the absence of which he has a legal right to assume that the place of work is reasonably safe.

[As to necessity for notice of master's knowledge of defect, see note in 98 Am. St. 303.]

APPEAL from the District Court of the Eighth Judicial District, for Bonner County.  Hon. R. N. Dunn, Judge.

Action for damages for personal injuries.  Judgment for plaintiff.  *Affirmed.*

Albert H. Conner and Herman H. Taylor, for Appellant.

The ignorance of a servant and the master's knowledge of such ignorance must be pleaded and proven.  (26 Cyc. 1165, 1393; *Becker v. Baumgartner,* 5 Ind. App. 576, 32 N. E. 786; *O'Connor v. Atchison etc. Ry. Co.,* 137 Fed. 503, 70 C. C. A. 87; *Fortin v. Manville Co.,* 128 Fed. 642; *Peterson v. New Pittsburg Coal etc. Co.,* 149 Ind. 260, 63 Am. St. 289, 49 N. E. 8; *Brazil Block Coal Co. v. Young,* 117 Ind. 520, 20 N. E. 423.)

Respondent knew that no inspection had been made and it was his duty to make the very place in which he was working safe. (*Low v. Clear Creek Coal Co.*, 140 Ky. 754, Ann. Cas. 1912B, 574, 587, 131 S. W. 1007, 33 L. R. A., N. S., 656; *Cnkovch v. Success Mining Co.*, 30 Ida. 623, 166 Pac. 567.)

G. H. Martin, for Respondent.

The law does not exact from the servant the use of diligence in ascertaining defects, but charges him with knowledge of such only as are open to his observation, and beyond this he has the right to assume without inquiry or investigation that his employer has discharged his duty of furnishing him with a reasonably safe place in which to perform his duties, and that he has a right to assume in the absence of apparent defects that a place in which he is ordered to work by a shift boss is safe, and he is not bound to inspect it for the purpose of discovering latent defects. (*Maloney v. Winston Bros. Co.*, 18 Ida. 740, 111 Pac. 1080, 47 L. R. A., N. S., 634; *Cnkovch v. Success Mining Co.*, 30 Ida. 623, 166 Pac. 567; *Low v. Clear Creek Coal Co.*, 140 Ky. 754, Ann. Cas. 1912B, 574, 577, 131 S. W. 1007, 33 L. R. A., N. S., 656; *Fredericks v. Ft. Dodge Brick & T. Co.*, 151 Iowa, 637, 131 N. W. 766, 48 L. R. A., N. S., 925.)

BUDGE, J.—Respondent recovered judgment for personal injuries. This appeal is from the judgment and from an order overruling a motion for a new trial.

Appellant was engaged in the business of developing and working a mine. Respondent entered its employment about July 7, 1915, and was injured on July 17, 1915. His duties were to run the engine and compressor and do such other work as the foreman, Cogswell, might direct.

At the time of the accident, he and Cogswell were working in a small stope off of a raise. Prior thereto, Cogswell had drilled, while respondent ran the compressor. The latter loaded the holes under the direction of the former. After firing, they went back into the drift to the main tunnel, into a cross-cut, and waited for the shots. Thereafter, they waited

a short time for the gas and smoke to clear away and went back. The holes which were shot were about five or six feet to the left of the raise. As they went back, Cogswell, who was in the lead, took the carbide lamp from his hat and turned the light on the roof of the raise under the stope, then went up in the raise, followed by respondent. After looking a few minutes they went out of the stope for timber. When they returned, Cogswell went up in the raise, followed by respondent. While the latter was standing in a stooped position, assisting in placing timbers, rock fell from the roof of the stope, crushing him down on to the cribbing, causing the injuries complained of.

The complaint predicates a cause of action based upon appellant's alleged negligence in failing to inspect respondent's place of work and to make it reasonably safe. The answer denies the allegations bearing upon appellant's alleged negligence, and sets up as affirmative defenses assumption of risk, contributory negligence and negligence of a fellow-servant.

The specifications of error attack the sufficiency of the complaint as against a general demurrer, and the sufficiency of the evidence in that (1) it does not show that appellant was negligent, (2) it shows respondent assumed the risk, and (3) it shows he was guilty of contributory negligence. The specifications also attack the rulings of the trial court, denying appellant's motion for nonsuit and a directed verdict, and the giving of and refusal to give certain instructions.

It is contended that the complaint is insufficient because (1) it nowhere alleges that respondent was ignorant either of the defects and dangers or of the fact that appellant had been negligent in failing to inspect, and (2) it nowhere alleges that appellant knew that respondent was ignorant in these particulars.

The authorities cited in support of this contention are not in point. They apply only to a situation where the negligence consists in a failure to warn or to instruct the servant. The negligence here complained of consists not of a failure to warn or instruct, but in the failure to use ordinary care to

make respondent's place of work reasonably safe. The complaint states facts sufficient to constitute a cause of action.

The jury was justified in finding that respondent was not employed or directed to make the place of employment safe, in the sense that it became his duty to discover and remedy latent defects, but it is insisted that since respondent was present at the time Cogswell went into the stope and looked it over by the aid of his miner's lamp, therefore he either assumed the risk or was guilty of contributory negligence. Appellant loses sight of the distinction between the duties which rested upon it and respondent. The duty which rested upon appellant was to use ordinary care to make the place of work reasonably safe, while the duty which rested upon respondent was to take notice of and avoid obvious defects. (*Maloney v. Winston Bros. Co.*, 18 Ida. 740, 111 Pac. 1080, 47 L. R. A., N. S., 634; *Onkovch v. Success Mining Co.*, 30 Ida. 623, 166 Pac. 567; *Ramon v. Interstate Utilities Co.*, 31 Ida. 117, 170 Pac. 88.)

The jury found that the place of work was not reasonably safe, that appellant failed to use ordinary care to make it reasonably safe, and that the defects were not obvious. There is sufficient evidence to support these findings.

Nor can it be said that respondent was guilty of contributory negligence. He had a legal right to assume in the absence of patent and obvious defects that the place was reasonably safe. (*Ramon v. Interstate Utilities Co., supra.*)

The court did not err in giving and in refusing to give the instructions complained of.

The judgment is affirmed. Costs are awarded to respondent.

Morgan, C. J., and Rice, J., concur.